HOMER DEEL, C. O. BROOKS, and E. L. STEPHENS v. THE STATE.

No. 7696. Decided May 2, 1923.

**1.—Unlawful Removing Automobile—Requested Charges—Charge of Court—Practice in Trial Court.**

In the absence of bills of exception in the record, complaints in the motion for new trial of errors in the charge of the court cannot be considered on appeal.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully removing parts of an automobile with intent to steal same, the evidence, although conflicting, was sufficient to sustain the conviction, there is no reversible error.

Appeal from the County Court of Stephens. Tried below before the Honorable J. W. Darden.

Appeal from a conviction of unlawfully removing parts of an automobile with intent to steal them; penalty six months confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

R. G. Storey, Assistant Attorney General for the State.

LATTIMORE, JUDGE.—Appellant's were convicted in the County Court of Stephens County of unlawfully removing parts of an automobile with intent to steal same, and their punishment fixed at six months in the county jail. There is no brief on file for appellants.

The complaint and information charged in two counts the appellants jointly with the removal of part of the running gear of an automobile, to-wit: one wheel and one casing with intent to steal same. We find no bills of exception in the record, and complaints in the motion for new trial of errors in the charge can not be considered by us in the absence of some exception taken thereto at the time of the trial and before the charge was read to the jury, as is required by statute. There is complaint that the evidence does not support the verdict, but we find ourselves unable to agree with such contention. A statement of the facts as testified to by the witnesses would serve no useful purpose. The State's testimony made out a strong case of circumstantial evidence against appellants. They denied their guilt. The judgment of the court based on a finding of the jury in a case only of conflicting testimony will not be disturbed by us.

An affirmance is ordered.

*Affirmed.*